Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Tower
2001 K Street, N.W.
Washington, DC 20006

T +1 202.887.4000
F +1 202.887.4288
akingump.com

Akin

**Caroline Wolverton**
+1 202.887.4107
cwolverton@akingump.com

May 6, 2026

Hon. Naomi Reice Buchwald
U.S. District Court, S.D.N.Y.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Jewelry Depot, Inc. v. SBA*, No. 1:26-cv-03538 (NRB) (HJR) Pre-Motion Conference Request on Proposed Motion for Stay of Agency Action and Motion to Expedite Briefing

Dear Judge Buchwald:

We represent Plaintiffs Jewelry Depot, Inc. ("Jewelry Depot" or the "Company") and its majority shareholder Sean S. Bach in the above-captioned action. Pursuant to Rule 2.B of Your Honor's Individual Practices, Plaintiffs respectfully request a pre-motion conference and set forth the grounds for Plaintiffs' anticipated: (i) motion to stay the Small Business Administration's ("SBA") collection actions on four SBA loans pursuant to Section 705 of the Administrative Procedure Act ("APA"), 5 U.S.C. § 705; and (ii) motion for expedited briefing and consideration of the motion to stay, pursuant to Fed. R. Civ. P. 6(c)(1)(C) and the Court's inherent authority.

## I. Bases for the Requested Stay

As detailed in the Complaint, Jewelry Depot is a longstanding small business that, until recently, operated successfully in South Florida. After being crippled by COVID, Jewelry Depot's retail store was devastated in June 2024 by a federally-declared flooding disaster and was ultimately forced to shut down for seven months of 2025. Plaintiffs were the beneficiaries of four emergency relief loans from the SBA and in late 2025, sought loan servicing relief and an increase of an Economic Injury Disaster Loan ("EIDL") to help them recover. But the SBA denied each request based on its misreadings of federal law, failure to follow regulations, and failure to undertake the meaningful consideration required of agency decision-making. The SBA has now accelerated collection actions and threatened imminent referral to Treasury for "more aggressive" collection. In all likelihood, absent a stay to maintain the status quo pending judicial review, Jewelry Depot will shutter, and Mr. Bach—who personally guaranteed three of the loans—will be forced into bankruptcy.

The APA authorizes courts, "to the extent necessary to prevent irreparable injury," to "issue all necessary and appropriate process . . . to preserve status or rights pending conclusion of the review proceedings." 5 U.S.C. § 705. The standard governing a Section 705 stay is the same as for a preliminary injunction and turns on four familiar factors: likelihood of success on the merits,

irreparable injury, the balance of equities, and the public interest. *Make the Rd. N.Y. v. Pompeo*, 475 F. Supp. 3d 232, 267 (S.D.N.Y. 2020). Plaintiffs easily satisfy these factors.

**A. Likelihood of Success on the Merits.** The first Section 705 factor is met because the SBA's denials of relief on each of Plaintiffs' four SBA loans were arbitrary and capricious, an abuse of discretion, and contrary to law within the meaning of 5 U.S.C. § 706(2)(A).

***COVID EIDL.*** The SBA denied Jewelry Depot's request for servicing relief on its COVID-19 EIDL on the stated ground that 13 CFR § 123.16(b) refers to natural disaster loans, rather than COVID EIDL loans. That conclusion is wrong as a matter of law. Congress expressly deemed COVID-19 a disaster for purposes of 15 U.S.C. § 636(b)(2)(D), the same provision that authorizes all SBA disaster loans. Coronavirus Preparedness and Response Supplemental Appropriations Act of 2020, Title II, Pub. L. No. 116-123, 134 Stat. 146, 147 (Mar. 6, 2020). And 13 C.F.R. Part 123, by its own terms, governs all SBA disaster loans. The denial was also arbitrary and capricious because it disregarded the Company's reasons for the request.

***Hurricane Ian EIDL.*** The SBA denied Jewelry Depot's deferment request on the Hurricane Ian EIDL six minutes after the email request was opened, according to the read receipt, and provided no contemporaneous reason for the denial. Failing to provide a reason indicates the SBA did not give the request reasoned consideration, nor could it have in such a brief, six-minute window. Its later explanations were shifting and inconsistent—first, that two prior deferments precluded further relief, and then, in response to a congressional inquiry, that further deferments were possible but unspecified documentation "ha[d] not been provided," though the SBA had never notified Plaintiffs of any such requirement. The SBA also ignored the relevant regulatory data: the Company's inability to pay was "for reasons substantially beyond [its] control," namely the same flooding disaster that caused the seven-month shutdown. 13 C.F.R. § 123.16(b).

***7(a) Loan.*** The SBA denied Jewelry Depot's 7(a) loan relief request eleven minutes after the email was opened, according to the read receipt, on the asserted ground that the loan was in liquidation and serviced by a private lender—even though the SBA had purchased 75% of the loan and is authorized under 13 C.F.R. §§ 120.530, 120.531, and 120.535(d) to defer payment, extend maturity, and take over servicing. The SBA could not meaningfully have weighed those regulatory factors in eleven minutes.

***Flood EIDL Increase.*** The SBA's regulations provide that the agency "will consider" whether a requested EIDL increase is "essential for [the] business to continue and is based on events occurring after SBA approved [the] original loan which were beyond [the borrower's] control." 13 C.F.R. § 123.19. Upon information and belief, the SBA never undertook that analysis. Instead, it denied Jewelry Depot's request based on an "unsatisfactory payment history" on the Company's other SBA loans—payment delinquencies that arose from the very same flooding disaster that gave rise to the Flood EIDL increase request. Because "government agencies are generally required to follow their own regulations," the denial was both contrary to law and arbitrary and capricious. *Fed. Defenders of N.Y., Inc. v. Fed. Bureau of Prisons*, 954 F.3d 118, 130 (2d Cir. 2020).

Akin



**B. Irreparable Injury Absent a Stay.** Jewelry Depot faces imminent risk of closure and Mr. Bach faces imminent risk of bankruptcy absent a stay that maintains the status quo until the Court can review the SBA's actions. The SBA's escalating collection actions include: (i) formal acceleration of the Hurricane Ian EIDL and Flood EIDL; (ii) an April 28, 2026 warning of imminent referral of the Flood EIDL to Treasury for "more aggressive" cross-servicing, which can include, *inter alia*, foreclosure and private collection agency referral with fees of up to 30% of the loan balance; (iii) notifications that the SBA will refer the Hurricane Ian EIDL to liquidation and is preparing to refer the COVID EIDL to Treasury cross-servicing, received April 28, 2026; and (iv) Final Notices of Delinquency on the Hurricane Ian and Flood EIDLs, issued May 4 and 5, 2026, respectively, after Plaintiffs initiated this action. Thus, the SBA, at any time, can refer any or all of the EIDLs to Treasury for escalated collection actions, including foreclosure on Jewelry Depot's assets, which would cause the Company to fail and force Mr. Bach into bankruptcy.

Plaintiffs cannot make any loan payments given the toll of the flooding disaster. Jewelry Depot has approximately $8,670 in cash. Mr. Bach has approximately $2,780 in his bank account after loaning the Company more than $280,000, and he is the subject of a pending eviction proceeding concerning his residence with trial scheduled for May 11, 2026. Eviction would leave Mr. Bach homeless.

**C. Balance of Equities and Public Interest.** These two factors, which merge because the government is the opposing party, favor a stay. *Nken v. Holder*, 556 U.S. 418, 435 (2009). The interest in assisting small businesses, especially those recovering from disasters, strongly favors a stay that would allow Jewelry Depot to stay in business pending judicial review. There is also a compelling public interest in federal agencies complying with their own regulations. *Velesaca v. Decker*, 458 F. Supp. 3d 224, 241 (S.D.N.Y. 2020).

## II. BASES FOR EXPEDITED BRIEFING AND CONSIDERATION

The default briefing schedule under Local Civil Rule 6.1(b) likely would not permit resolution of Plaintiffs' planned motion to stay before the SBA's escalating collection actions force Jewelry Depot out of business and Mr. Bach into bankruptcy. We therefore request leave to move for an expedited briefing schedule and consideration of the planned stay motion.

## III. CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court schedule a pre-motion conference at its earliest convenience and thereafter permit Plaintiffs to file (i) a motion for a stay of the SBA's collection actions pursuant to 5 U.S.C. § 705 and (ii) a motion to expedite briefing and consideration of the stay motion.

Respectfully submitted,

*/s/ Caroline Wolverton*
Caroline Wolverton (admitted *pro hac vice*)

Akin



AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 887-4107
Email: cwolverton@akingump.com

Anne M. Evans
(N.Y. Bar No. 5247838)
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Email: aevans@akingump.com

*Counsel for Plaintiffs Jewelry Depot, Inc.*
*and Sean S. Bach*