**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 1, 2026

**BY ECF**
The Honorable Naomi Reice Buchwald
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Jewelry Depot, Inc. v. U.S. Small Business Administration*, No. 26 Civ. 3538 (NRB)

Dear Judge Buchwald:

This Office represents the defendants United States Small Business Administration and Kelly Loeffler, in her official capacity as Administrator of the U.S. Small Business Administration (together, the "SBA") in the above-referenced action brought by plaintiffs Jewelry Depot, Inc. and Sean S. Bach ("Plaintiffs") pursuant to the Administrative Procedure Act, 5 U.S.C. § 702 *et seq*. ("APA"). The SBA writes, in accordance with Rule 2.B of Your Honor's Individual Practices, to respond to Plaintiffs' June 29, 2026 pre-motion letter (ECF No. 26), seeking conference on a proposed "emergency motion to enforce" the parties' May 15, 2026 agreement. Specifically, Plaintiffs assert that the SBA "has refused to ensure that collection efforts are on hold" for "SBA 7(a) Loan No. 25755970-07," referred to herein as the "7(a) Loan." ECF No. 26, at 1.

The proposed motion lacks merit because it rests on a misreading of the parties' agreement and seeks relief the Court cannot grant. The SBA has fully complied with what it agreed to do, and Plaintiffs' real grievance is with a non-party private lender whose conduct the agreement did not—and could not—restrain.

## A. The SBA Has Complied with the May 15 Agreement.

In the parties' May 15, 2026 joint letter, the SBA represented that the "*Small Business Administration ("SBA")* has placed payment collection efforts on hold for the four loans at issue in this action . . . . To the extent any of these loans had been referred to the U.S. Department of Treasury for cross-servicing, the SBA has recalled them." ECF No. 24 (emphasis added). This memorialized the representation that the SBA, through counsel, had made to Plaintiffs: "*the SBA* has put payment collection efforts on hold for the four loans at issue [], as well as recalled them from Treasury (to the extent they had been referred) for purposes of cross-servicing." *See* Ex. A (May 11, 2026 email, from the undersigned counsel to SBA, to Plaintiffs' counsel) (emphasis added).

The SBA did what it agreed to do. It suspended its own collection activities on all of the loans at issue in this case and recalled those loans from Treasury for cross-servicing, to the extent they had been so referred. Plaintiffs do not contend that the SBA itself has taken any collection step against them.

**B. The Conduct Plaintiffs Complain of is That of a Non-Party Lender Outside the Agreement's Scope.**

The June 12, 2026 demand letter that prompted Plaintiffs' motion was sent by counsel for Midwest Regional Bank ("Midwest")—not the SBA. Ex. 1. As Plaintiffs' own Complaint acknowledges, Midwest "approved and serviced" the 7(a) Loan, transferred it to liquidation status in May 2025, and holds and services it today. Compl. ¶¶ 52–53, 57. Midwest is not a party to this action, was not a party to the May 15 agreement, and is not subject to the SBA's control for purposes of the parties' agreement. The SBA cannot be held in breach of an agreement for the independent actions of a third party it does not represent.

**C. The SBA Did Not Agree to Take Over Servicing of the 7(a) Loan.**

Plaintiffs' "motion to enforce" appears to be premised on the concept that the parties' agreement required the SBA to exercise its sole discretionary authority, under 13 C.F.R. § 120.535(d), to take over servicing of the 7(a) Loan from Midwest. Specifically, Plaintiffs assert that the SBA's "May 15 representation to the Court indicated it had exercised" its authority to take over servicing from Midwest. But the May 15 letter stated only that the SBA "has placed payment collection efforts on hold for the four loans" and that, "[t]o the extent any of these loans had been referred to the U.S. Department of the Treasury for cross-servicing, the SBA has recalled them." ECF No. 24. Those representations describe steps the SBA took with respect to its own collection activities; nothing in the letter states, suggests, or "indicated" that the SBA had taken over servicing of the 7(a) Loan from Midwest under § 120.535(d)[1] or otherwise assumed control of Midwest's collection conduct. Plaintiffs read into the letter a commitment by SBA to exercise its authority to take over servicing from a third-party lender that was never discussed by the parties, and which the SBA's representations do not obligate it to do.[2]

---

[1] This regulation requires the SBA to "notify the Borrower" of a change in servicing. At no point prior to receiving the June 12 demand from Midwest did Plaintiffs reach out to confirm that SBA had taken over servicing of the 7(a) Loan from Midwest or inquire as to why they had not received notice of the service takeover, as would have happened if SBA did in fact take over servicing.

[2] Plaintiffs contend that the SBA's June 18, 2026 statement—that "[t]here is nothing the SBA can do to pause collection efforts by Midwest" because "[t]he bank holds the loan and services the loan"—was incorrect. In the proper context, it was not. The SBA's point was that, without wresting servicing control away from Midwest, the SBA could not intervene in the collection activities of a third party. Since the SBA had never agreed to wrest servicing control from Midwest, there was nothing it could do with respect to Midwest's collection activities.

Plaintiffs' demand that the SBA now take over servicing of the 7(a) Loan from Midwest is not a motion to "enforce" the agreement; it is a request for a mandatory injunction compelling affirmative agency action—precisely the relief Plaintiffs seek on the merits of Count III of their Complaint. The SBA intends to move to dismiss all counts of the Complaint, including Count III, *see* ECF No. 25; Plaintiffs should not be entitled to short-circuit merits briefing through an emergency "enforcement" motion.[3]

**D. The Relief Sought Is Barred and Improper.**

Plaintiffs' proposed motion is flawed for at least two reasons. First, as explained in the SBA's pre-motion letter, ECF No. 25 at 1-2, the Small Business Act prohibits "injunction . . . or other similar process" against the Administrator, 15 U.S.C. § 634(b)(1). An order compelling the SBA to take over servicing of, or halt collection on, the 7(a) Loan would be barred by that provision. Neither the All Writs Act nor the Court's inherent docket-management authority supplies a basis to override that specific statutory bar, and the All Writs Act is not an independent grant of power to issue relief the law otherwise forecloses. Second, to the extent Plaintiffs seek to enjoin the collection activities of a non-party, Plaintiffs are not entitled to such relief because they have neither "briefed the legal standards for issuing injunctions against non-parties . . . [nor] discussed how those standards would support the injunction requested here." *Pitbull Prods., Inc. v. Universal Netmedia, Inc.*, No. 07 Civ. 1784 (RMB) (GWG), 2007 WL 3287368, at *7 (S.D.N.Y. Nov. 7, 2007) (citing *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988). If Plaintiffs believe Midwest's allegedly unlawful collection conduct should be enjoined, they must obtain relief against Midwest, not through an "emergency motion" against the SBA.

**E. Conclusion**

The SBA has fully honored its representation that it would stay its own collection activities on the four loans at issue in this case. Plaintiffs' dispute is with a non-party lender over a discretionary servicing decision that is the very subject of this lawsuit, and their proposed motion seeks relief that is both jurisdictionally-barred and premature on the merits. The SBA respectfully submits that the requested pre-motion conference and emergency motion are unwarranted. However, should the Court wish to address Plaintiffs' request, the SBA is prepared to discuss it at the requested pre-motion conference for the SBA's anticipated motion to dismiss.

We thank the Court for its attention to this matter.

---

[3] The SBA is reconsidering its current hold on collection activities on the four loans at issue in this case. The SBA agreed to put its collection activities on hold at the outset of the litigation to avoid the need for emergency motion practice while it evaluated Plaintiffs' claims. Having reviewed Plaintiffs' claims in this litigation, the SBA believes them to be without merit. Given that at least one of Plaintiffs' other creditors (Midwest) is pursuing collection efforts, that Plaintiff Jewelry Depot has limited assets, that Plaintiffs are allocating those limited assets to pay their legal fees in this action, that Plaintiff Jewelry Depot is not currently making any payments towards the four loans at issue, and that resolution of this action short of litigation seems highly unlikely, the SBA believes it will be disadvantaged by continuing the hold on its collection activities.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: /s/ *Tara Schwartz*

TARA SCHWARTZ
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2633
Email: tara.schwartz@usdoj.gov
*Counsel for Defendants*

cc: Counsel for Plaintiffs (via ECF)